UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL M. CARRICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CRUZ COUNTY ASSESSOR/RECORDER, SEAN SALDAVIA, COUNTY OF SANTA CRUZ,<br><br>　　　　Defendants. | Case No.: 13-CV-01632-LHK<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiff Paul M. Carrick ("Carrick") filed this action against Defendants Santa Cruz County Assessor/Recorder Sean Saldavia ("the County Recorder") [1] and Santa Cruz County ("the County") (collectively, "Defendants"). Before the Court is Defendants' motion to dismiss Carrick's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion to Dismiss"). Carrick, who is *pro se*, opposes the motion. Having considered the parties' submissions, the relevant case law, and the record in this case, the Court GRANTS Defendants' Motion to Dismiss with prejudice.

---

[1] It is unclear from Carrick's complaint whether Carrick names two or three County defendants. In the complaint's caption, Carrick appears to name (1) Santa Cruz County Assessor/Recorder, (2) Sean Saldavia, and (3) County of Santa Cruz. However, in paragraph four of Carrick's complaint, which is the section that identifies "Parties," Carrick names two defendants: (1) "Sean Saldavia is Santa Cruz County Assessor/Recorder," and (2) the County of Santa Cruz. Thus, the Court construes Carrick's complaint as naming only two defendants.

1
Case No.: 13-CV-01632-LHK
ORDER GRANTING MOTION TO DISMISS

## I. BACKGROUND

### A. Facts[2]

Carrick alleges that he owns the following real property, including residential buildings, located in Santa Cruz County: Assessor Parcel Numbers 106-011-58, 106-011-25, and 106-011-60. *See* Complaint ("Compl.") ¶ 5, ECF No. 1. The three parcels of land cover about 20 acres in Santa Cruz County. *See id.* The land had been granted a patent in 1893 via the Homestead Act. *Id.* Carrick alleges that he developed the property with "roads, irrigation, agriculture, and structures." *See id.* Carrick also rents out some of the residential buildings within the land to tenants. *See* Compl. ¶ 10. Carrick alleges that in one of the gates of Carrick's property, a sign states: "NOTICE This property is Protected by United States Land Patent Number 4889, As recorded in Document 1999-0003840 Santa Cruz County Records, All Rights, Privileges, Immunities and Appurtenances of Whatever Nature Are Hereby Claimed, Paul Carrick – Owner." Compl. ¶ 6.

On April 13, 2006, the County issued a Notice of Violation ("NOV") to Carrick for zoning and building violations of the Santa Cruz County Code. *See* Compl. ¶ 6. The NOV instructed Carrick to cease construction, vacate illegal structures, and cease collecting rent. *See* Compl. ¶¶ 7-10. The NOV also stated that the structures constituted a public nuisance. *See* Compl. ¶ 8. The NOV was recorded against Carrick's property. *See* Compl. at 7.

### B. Prior State Court Proceeding

---

[2] The following facts are taken from Carrick's complaint and judicially noticeable documents. All exhibits referenced herein refer to Defendants' Request for Judicial Notice filed in support of their Motion to Dismiss Plaintiff's Complaint on May 3, 2013. *See* Defs.' Req. Jud. Notice Supp. Mot. to Dismiss ("RJN"), ECF No. 15. These exhibits pertain to the pleadings and orders on file in the prior state court proceeding in Santa Cruz County Superior Court, Case No. CV158731. Defendants request that this Court take judicial notice of these exhibits. Defendants also request that this Court take judicial notice of the pleadings on file in the related case before this Court, Case No. 12-CV-3852-LHK. The Court takes judicial notice of these documents. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of court documents already in the public record and documents filed in other courts). However, the Court does not take judicial notice of facts in the public record that are "subject to reasonable dispute." *See Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) ("When a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal quotation marks and citation omitted).

On November 28, 2007, the County filed a complaint against Carrick in the California Superior Court for the County of Santa Cruz for permanent injunction, civil penalties, illegal rents, attorney's fees, and costs. *See* RJN, Ex. A, ECF Nos. 15-1, 15-2. The complaint alleged that Carrick failed to cure the zoning and building violations that were the subject of the NOV. *See id*.

Meanwhile, Carrick filed a cross-action against the County and others, seeking writ of mandate and declaratory relief. *See* RJN, Ex. B, ECF No. 15-3 ("*Carrick I*"). The County then filed a demurrer to Carrick's cross-action. The Superior Court overruled the demurrer as to Carrick's first, second, third, and fourth causes of action (due process violations, nonconforming use, state law preemption of the County's policy and procedures, and nuisance) and sustained the demurrer as to Carrick's fifth and sixth causes of action (laches and equitable estoppel). *See* RJN, Ex. C, ECF No. 15-4.

Carrick's surviving causes of action proceeded to trial, and the Superior Court ruled in favor of the County on all surviving claims. *See* RJN, Ex. D, ECF No. 15-5. Accordingly, on April 9, 2010, the Superior Court entered judgment for the County in Carrick's cross-action ("April 9, 2010 Judgment"). *See id.* Carrick then appealed the April 9, 2010 Judgment. *See* RJN, Ex. F, ECF No. 15-7. The California Court of Appeal, Sixth Appellate District, upheld the Superior Court's rulings in all respects but one; the Court of Appeal held that the County was not authorized to record a NOV against Carrick's property without a court order. *See id.* In response, the County expunged the NOV, and on May 24, 2011, the Superior Court ordered the re-recording of the NOV. *See* RJN, Ex. I, ECF No. 15-10. Carrick then appealed the April 9, 2010 Judgment to the California Supreme Court, which declined to hear Carrick's appeal. Finally, the United States Supreme Court denied Carrick's Petition for a Writ of Certiorari, at which time the judgment became final.

### C.   Prior Proceeding Before this Court

Carrick filed a complaint in the United States District Court on July 24, 2012, against the County and the County Recorder (among others), which he then amended on July 31, 2012. *See Carrick v. Santa Cruz County, et al.*, No. 12-CV-3852-LHK 2012, U.S. Dist. LEXIS 170685 ("*Carrick II*"), Compl., ECF No. 1; First Am. Compl. ("FAC"), ECF No. 23. Carrick's amended

3

complaint alleged eight enumerated causes of action, including (1) cancellation of instrument and removal of cloud of title, and (2) land patent protections of property rights under the Homestead Act. *See* FAC. Carrick subsequently moved for a preliminary injunction barring enforcement of the Superior Court contempt charge on August 2, 2012. *See Carrick II*, ECF Nos. 36, 80, 81, 82, and 83. Defendants filed a motion to dismiss on August 15, 2012. *See Carrick II*, ECF No. 63. On November 30, 2012, this Court issued an order denying Carrick's motion for a preliminary injunction and granting Defendants' motion to dismiss. *See Carrick II*, Order of Nov. 30, 2012 Granting Defs.' Mot. to Dismiss FAC ("November 30, 2012 Order"), ECF No. 88. Among the claims this Court dismissed were Carrick's causes of action alleging (1) cancellation of instrument and removal of cloud of title and (2) land patent protections of property rights under the Homestead Act. *Id*. at 17-18. The November 30, 2012 Order granted Carrick leave to amend Carrick's claims under 42 U.S.C. § 1983, but denied leave to amend all other claims. *Id.* at 18.

Carrick filed his Second Amended Complaint on December 20, 2012. *See Carrick II*, ECF No. 89. On January 3, 2013, Defendants filed a second motion to dismiss Carrick's complaint. *See Carrick II*, ECF No. 91. On July 16, 2013, the Court granted Defendants' motion to dismiss Carrick's Second Amended Complaint with prejudice. *See Carrick II*, ECF No. 104. On July 19, 2013, judgment was entered in favor of all defendants. *See Carrick II*, ECF No. 105. On July 29, 2013, Carrick filed a notice of appeal. *See Carrick II*, ECF No. 106.

### D.     Instant Proceeding

Carrick filed the instant action on April 8, 2013 against Defendants (the County and the County Recorder). *See* ECF No. 1. Carrick's complaint alleges causes of action under: (1) the Quiet Title Act, and (2) the Homestead Act. *See id*. Defendants filed a motion to dismiss Carrick's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on May 3, 2013 ("Motion to Dismiss"). *See* ECF No. 14. Carrick filed an opposition to this motion, which he entitled "Reply to Motion to Dismiss," on May 17, 2013. *See* ECF No. 20. Defendants filed a reply on May 21, 2013. *See* ECF No. 21.

4

Case No.: 13-CV-01632-LHK
ORDER GRANTING MOTION TO DISMISS

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction will be granted if the Complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction. If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).

### B. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[I]n general, courts must construe pro se pleadings liberally.").

1    Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss[.]" *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted).

### B.   Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted 'when justice so requires[,]'" bearing in mind "the underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks, citations, and alterations omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, a court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (internal citation omitted).

**III.    DISCUSSION**

Carrick cites the Quiet Title Act of 1974 as a basis of original jurisdiction "over disputes of title relating to titles created by U.S. Law," and implies that it is applicable when "a third party clouds the title." Compl. at 7. Carrick also relies on the Homestead Act of 1862 and the existence of Homestead Certificate 4889 to argue that he is immune from County code enforcement actions and should be allowed to develop and rent the premises independent of local laws. Compl. at 5-9. Defendants move to dismiss Carrick's Homestead Act and Quiet Title Act claims as barred by the doctrine of res judicata. Mot. at 7-10. Defendants also move to dismiss the claims under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction, Mot. at 5-6, and under the *Younger* abstention doctrine, Mot. at 10-11.

With respect to res judicata, Defendants argue that Carrick's claims are claims that were raised or could have been raised in *Carrick I* (the prior state court proceeding) and that this Court already ruled on Carrick's Homestead Act claim in *Carrick II* (the prior proceeding before this Court). *See* Mot. at 7-10. Defendants do not argue in their Motion to Dismiss that Carrick's Quiet Title Act claim could have been raised in *Carrick II*. However, the Court notes that Defendants filed their Motion to Dismiss on May 3, 2013—before the Court granted Defendants' motion to dismiss Carrick's Second Amended Complaint in *Carrick II* with prejudice on July 16, 2013, and before the Court entered judgment in favor of all defendants in *Carrick II* on July 19, 2013. *See* ECF No. 14; *Carrick II*, ECF Nos. 104, 105. Thus, the Court analyzes the res judicata effect of *Carrick II* as to Carrick's Quiet Title Act claim *sua sponte*. *See Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) (stating that, as a general matter, a court may dismiss a case *sua sponte* based on res judicata).

Carrick argues in his opposition that his claims are not subject to res judicata. Opp'n at 5, 7. However, Carrick admits that he "sought attention to violations by the County of federal law" in *Carrick II* and that *Carrick II* addressed federal patent law violations. Opp'n at 6, 9. For the reasons set forth below, the Court finds that Carrick's Homestead Act claim and Quiet Title Act claim were raised or could have been raised in *Carrick II*—Carrick's prior proceeding before this Court. Because the Court finds that Carrick's Homestead Act and Quiet Title Act claims are

barred by the doctrine of res judicata, the Court need not address Defendants' *Rooker-Feldman* doctrine and *Younger* abstention doctrine arguments.

### A.     Res Judicata

Res judicata, or claim preclusion, prohibits relitigation of any claims that were raised or *could have been raised* in a prior action. *W. Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marin v. Hew, Health Care Financing Agency*, 769 F.2d 590, 594 (9th Cir. 1985) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Res judicata operates only where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *W. Radio Servs. Co.*, 123 F.3d at 1192.

As to the first element of res judicata, identity of claims, Carrick had already raised the Homestead Act claim in *Carrick II*. In *Carrick II*, Carrick had alleged that the Homestead Act requires Carrick to develop the land and that various code enforcement actions against Carrick prevent him from doing so. FAC at ¶ 128. Carrick had also alleged that a property with a chain of title tracing back to a land patent awarded under the Homestead Act is essentially immune from County Code enforcement actions. FAC at ¶ 129. In the instant case, Carrick again raises the same Homestead Act claim. Carrick alleges that Carrick's property is not subject to code enforcement because the chain of title to Carrick's property traces back to a land patent under the Homestead Act of 1862. Compl. at 5-9. Particularly, Carrick alleges that the County may not prevent Carrick from renting out his property because Carrick's property is "protected by Certificate of Homestead 4889" and that "Homestead Certificate 4889 encourages development of [Carrick]'s land." Compl. at 1, 8. Thus, the first element of res judicata is met as to Carrick's Homestead Act claim.

Further, Carrick could have raised the Quiet Title Act claim in *Carrick II* as federal courts have exclusive original jurisdiction of Quiet Title Act claims. *See* 28 U.S.C. § 1346(f). Although Carrick did not expressly assert the Quiet Title Act claim in *Carrick II*, Carrick does not avoid the bar of res judicata "merely because he now alleges conduct by [Defendants] not alleged in his prior

8

Case No.: 13-CV-01632-LHK
ORDER GRANTING MOTION TO DISMISS

suit, nor because he has pleaded a new legal theory." *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). The crucial question is whether the party has stated in the instant suit a cause of action different from those raised in his first suit. *See id*. When the two suits arise out of the same transactional nucleus of facts, there is an identity of claims. *See Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993).

Interestingly, Carrick does not assert the Quiet Title Act to challenge the United States' title to Carrick's property, which would be the proper assertion of a Quiet Title Act claim. *See Block v. North Dakota ex rel. Bd. of University and School Lands*, 461 U.S. 273, 286 (1983) (Congress intended the Quiet Title Act to "provide the exclusive means by which adverse claimants could challenge the United States' title to real property."). Instead, Carrick asserts the Quiet Title Act as a basis for cancelling the NOV and obtaining injunctive relief from the County's enforcement of its regulations. *See* Compl. at 7-10. Essentially, Carrick alleges that the NOV and the County's enforcement of its regulations as to Carrick's property "clouded the title." *See* Compl. at 7. Thus, Carrick appears to improperly assert a Quiet Title Act claim against Defendants rather than the United States, which would be the proper defendant in a Quiet Title Act claim. Nevertheless, Carrick's Quiet Title Act "claim" arose from the same "transactional nucleus of facts" as Carrick's claims in *Carrick II*. Carrick alleges that "[t]he title was clouded in 2006 by actions of [the County]." *Id*. The "actions" to which Carrick refers are the County's enforcement of the local land use regulations and the issuance of the NOV as to Carrick's property. *See* Compl. at 5-9. These are the same "actions" that Carrick challenged and from which Carrick sought relief in *Carrick II*. *See* FAC. In *Carrick II*, one of Carrick's claims is "cancellation of instrument and removal of cloud on title." *See* FAC at 37-38. Carrick also based this claim on the County's issuance of the NOV and the enforcement of its regulations. Because Carrick's claims in *Carrick II* and Carrick's Quiet Title Act "claim" in the instant case arose out of the same "transactional nucleus of facts," there is an identity of claims. Accordingly, the first element of res judicata is also met as to Carrick's Quiet Title Act claim.

As to the second element, final judgment on the merits, the Court has already ruled on all of Carrick's claims in *Carrick II*. In *Carrick II*, the Court dismissed all of Carrick's claims with prejudice. Such a dismissal constitutes a final judgment on the merits to which res judicata applies. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). Moreover, the Court entered judgment in favor of all defendants in *Carrick II*. Therefore, the second element of res judicata is met.

Finally, the third element, identity or privity between parties, is also met. In *Carrick II*, Carrick had named both the County and the County Recorder as defendants. *See* FAC. In the instant case, Carrick is suing both the County and the County Recorder again.

All three elements of res judicata are satisfied. Accordingly, the Court GRANTS Defendants' motion to dismiss Carrick's Quiet Title Act and Homestead Act claims. Because amendment of these claims would be futile, the dismissal is with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Carrick's Complaint with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 18, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge